IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARVIN CLINTON,**

    **Petitioner,**

**v.**

**BRIAN COOK, WARDEN,**

    **Respondent.**

CASE NO. 2:16-cv-0573

CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## ORDER

Petitioner, Marvin Clinton, a state prisoner, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is before the Court by way of Petitioner's a motion to stay (Doc. 7) and second motion to stay (Doc. 17). Respondent opposed the first motion to stay and also expressed opposition to that motion in the Return, but Respondent did not respond to the second motion. For the following reasons, the Court **GRANTS** the motions to stay.

### I. Procedural History

Only a brief procedural history is needed in order to place the motion to stay into context. Petitioner was convicted in the Court of Common Pleas of Franklin County, Ohio, of murder, tampering with evidence, and having a weapon while under a disability. He was given an aggregate sentence of thirty-one years to life in prison. He timely but unsuccessfully appealed his conviction, and also filed a motion to reopen his

appeal under App.R. 26(B), which was denied, and a post-conviction petition under O.R.C. §2953.21. That latter petition is still pending.

In his current habeas corpus petition, which Respondent agrees was timely filed, Petitioner raises only two grounds for relief: ineffective assistance of appellate counsel and a claim based on the weight of the evidence. Respondent construes that latter claim to include certain instances of alleged ineffective assistance of trial counsel. In the Return (Doc. 12), Respondent argues that the ineffective assistance of trial counsel claim and sufficiency of the evidence claim lack merit and that the ineffective assistance of appellate counsel claims were procedurally defaulted. Respondent does not contend that any of these claims are unexhausted, and the Court agrees that they are not. Consequently, the current petition is not a "mixed" petition but rather one containing only claims which have been fully exhausted (although perhaps, as to some, defaulted) in the state courts.

The Court makes this point because it is pertinent to the request for a stay. Stays of mixed petitions, which contain both exhausted and unexhausted claims, are governed by *Rhines v. Weber* 544 U.S. 269 (2005), which held that the Court could stay, rather than dismiss, a mixed petition if the petitioner could show good cause for the prior failure to exhaust and if the unexhausted claims were potentially meritorious. When a petition does not contain any unexhausted claims, however - as is the case here - the Court has no discretion to dismiss the petition, but may decide to stay it on equitable grounds. A good discussion of this concept can be found in *Nowaczyk v.*

*Warden, New Hampshire State Prison*, 299 F.3d 69 (1st Cir. 2002), where the court held that a district could was not required to, but was allowed to, stay its decision on fully exhausted claims when a challenge to the underlying conviction was still pending in the state courts. It pointed out that "[c]onsiderations of judicial economy support the district court's decision to withhold decision on claims that could have been mooted by the pending state proceedings." *Id*. at 78. That policy has been applied by district courts within the Sixth Circuit. *See, e.g., Magee v. Brewer*, 2017 WL 2626974 (E.D. Mich. June 19, 2017)(staying fully exhausted petition to allow exhaustion of additional claims in state court). As the *Magee* court points out, such a decision does not prejudice the respondent, and the absence of a stay might well prejudice the petitioner if the federal proceedings were completed before the state proceedings; under those circumstances, the petitioner "'would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements' should he seek habeas relief on his new claims." *Id*. at *2, quoting *Thomas v. Stoddard* , 89 F.Supp.3d 937, 943 (E.D. Mich. 2015).

Respondent's main argument against a stay is that the last order entered by the Franklin County Court of Common Pleas was an order authorizing funds for a DNA expert. Respondent asserts that, based on the state court of appeals' decision in Petitioner's case, *State v. Clinton*, 2014 WL 6436228 (Franklin Co. App. Nov. 18, 2014), DNA evidence does not seem to be particularly relevant to this case. However, the post-conviction petition in question (*see Return*, Ex. 20) raises multiple claims of ineffective assistance of trial counsel, any one of which has the potential to gain

Petitioner a new trial and effectively to moot the federal case. Under these circumstances, the most appropriate exercise of discretion is to stay this case pending the outcome of the state post-conviction petition, and to permit Petitioner to amend the petition to include those claims should the state courts find against him. He is reminded, however, of the need to exhaust his post-conviction remedy through the state court system before moving to amend.

For all of these reasons, the motions to stay (Docs. 7 and 17) are **GRANTED**. This case is stayed pending completion of Petitioner's post-conviction remedy in state court. Petitioner is further granted leave to amend his federal habeas corpus petition within thirty days after completion of the state court proceedings. If he fails to do so, the stay will terminate, and the Court will proceed to decide the claims currently contained in the habeas corpus petition. Respondent shall advise the Court every 90 days of the status of the state court proceedings.

/s/ Terence P. Kemp
United States Magistrate Judge