IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARVIN CLINTON,

    Petitioner,

v.

BRIAN COOK, WARDEN,

    Respondent.

CASE NO. 2:16-CV-0573
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On February 1, 2018, the Magistrate Judge issued an *Order and Report and Recommendation* terminating the previously imposed stay of proceedings and recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 24.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 26.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 26) is **OVERRULED**. The *Report and Recommendation* (ECF No. 24) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for an extension of time to file objections (ECF No. 25) is **DENIED** as moot.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his conviction after a jury trial in the Franklin County Court of Common Pleas on murder with firearm and repeat violent offender specifications. He asserts that he was denied the effective assistance of appellate counsel (claim one); that the evidence was constitutionally insufficient to sustain his convictions; and that he was denied the effective

assistance of counsel because his attorney failed to object to the admission of inflammatory and irrelevant testimony, failed to call defense witnesses, and failed to present exculpatory DNA evidence (claim two). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner seeks a continued stay of proceedings pending resolution of his August 2014 post-conviction petition, which remains pending in the state trial court. Petitioner again argues that his appellate counsel performed in a constitutionally ineffective manner in the Ohio Supreme Court. He argues that he did not waive this claim for review in these proceedings because the appellate court denied it on the merits in Rule 26(B) proceedings. He also again argues that the State failed to provide sufficient evidence to establish his guilt. He raises all of the same arguments that he previously presented. Additionally, Petitioner has submitted an Affidavit from Attorney Kort Gatterdam, who was appointed to represent him in state post-conviction proceedings. In March 2016, Attorney Gatterdam obtained funds to hire a DNA expert for the testing of cigarette butts located at the scene of the shooting. (ECF No. 27, PAGEID ##1712-13.) Attorney Gatterdam indicates that he has also hired an investigator to attempt to locate and interview potential defense witnesses. (PAGEID #1713.)

Nonetheless, nothing in the record reflects that any of Petitioner's unexhausted claims of the denial of the effective assistance of trial counsel currently pending in the state trial court may provide him relief. Petitioner does not identify any potential defense witnesses that could provide exculpatory evidence for the defense. Moreover, the record does not reflect that the DNA testing of cigarette butts will assist him. To the contrary, the state appellate court has explicitly indicated that the identity of the person smoking cigarettes is not relevant to the case.

*See State v. Clinton*, No. 13AP-751, 2014 WL 6436228, at *4 (Ohio App. 10th Dist. Nov. 18, 2014). Under these circumstances, a continued stay would not be warranted. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Further, as already discussed by the Magistrate Judge, Petitioner does not identify any basis for his claim of the denial of the effective assistance of appellate counsel on direct appeal, and counsel's performance in the filing of a discretionary appeal to the Ohio Supreme Court does not provide him relief because he had no constitutional right to counsel in those proceedings. *See Wright v. Lazaroff*, 643 F. Supp. 2d 971, 993 (S.D. Ohio 2009) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). For the reasons already addressed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that none of Petitioner's claims provide him a basis for relief.

Petitioner's *Objection* (ECF No. 26) therefore is **OVERRULED**. The *Report and Recommendation* (ECF No. 24) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for an extension of time to file objections (ECF No. 25) is **DENIED** as moot.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as failing to provide a basis for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**. The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

                                             /s/ 3-6-2018
                                             EDMUND A. SARGUS, JR.
                                             CHIEF UNITED STATES DISTRICT JUDGE